THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUGH LOUIS, Appellant.— SWEENEY, J. Appeal from an order of the County Court of Schenectady County, entered February 24, 1969, which denied, without a hearing, a motion to vacate a judgment convicting defendant of manslaughter, second degree, as a second felony offender. The appellant was indicted for murder in the second degree. On January 23, 1962 he was assigned counsel. On March 19, 1962 he pleaded guilty to manslaughter second degree. He was sentenced to a term of not less than 15 nor more than 30 years. At this point in the procedure the appellant's counsel requested an adjournment to chambers. Upon returning to the courtroom the court stated additional information had come to its attention and it was advisable to change the sentence. It then imposed a sentence of not less than 10 nor more than 30 years at hard labor. On September 23, 1968 appellant applied to the same court for a writ of error coram nobis, alleging certain constitutional infirmities in the proceedings leading to his conviction. The writ was denied, without a hearing. The appellant maintains he is entitled to a hearing to examine the alleged infirmities. He claims that he did not understand the nature of the crime to which he pleaded guilty; that he was promised a lesser sentence; that the probation report contained hearsay statements regarding crimes for

which he had not been arrested or convicted; that he did not have a copy of the probation report, and finally that his assigned counsel promised him that he would take an appeal, but had failed to do so. The appellant is entitled to a hearing to ascertain whether or not the assigned counsel had promised to take an appeal. (*People* v. *Callaway*, 24 N Y 2d 127.) It is not necessary to pass upon the other grounds asserted by appellant. Order reversed, on the law, and case remitted to the County Court of Schenectady County for a hearing in accordance with this memorandum. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.